43 F.3d 1480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Billie F. THORSEN, Debtor.
COUNTY SANITATION DISTRICT NO. 2 OF LOS ANGELES COUNTY, Appellant,
v.
Billie F. THORSEN, Appellee.
 No. 93-55204.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.
Decided Dec. 12, 1994.
 
 Before: FEINBERG,* SCHROEDER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal in a bankruptcy proceeding of Appellee Billie F. Thorsen, debtor. The appellant, the County Sanitation District No. 2 of L.A. County, filed a proof of claim for a deficiency judgment. The deficiency was in the account of Thorsen's refuse company, Best, with the District for use of a District-owned landfill.
 
 
 3
 Pursuant to an agreement between the county and Thorsen's company, the company had posted CDs as collateral and Thorsen had signed a personal guarantee. On June 5, 1989, the District advised the company its account was past due by approximately $195,000. A week later the District requested the relevant banks to issue checks on the CD accounts. It did not give any notice to Thorsen or his company of the intent to cash in the CDs. After Thorsen's Chapter 11 Bankruptcy filing, the District filed a proof of claim for the deficiency, amounting to approximately $93,000.
 
 
 4
 Both the Bankruptcy Court and the District Court on appeal ruled that the parties had created a security interest in the CDs; that Division 9 of California's Commercial Code governed, and that under CUCC Sec. 9504(3) the District could not recover a deficiency judgment because it had failed to give written notice to the debtor prior to disposing of the collateral.
 
 
 5
 It is not disputed that a security interest was created and that the Commercial Code governs. On appeal the District contends that CUCC Sec. 9502, rather than Sec. 9504, controls the liquidation of the certificates. The provisions of Sec. 9502 on which appellant relies concern creditor collection from account debtors, and require the secured party who undertakes to collect from account debtors to proceed in a commercially reasonable manner. See Western Decor and Furnishing Industries, Inc. v. Bank of America, 91 Cal.App.3d 293, 154 Cal.Rptr. 287 (Cal.Ct.App.1979). That provision does not expressly mandate notice to the debtor. Section 9504(3), however, which the bankruptcy and district courts held controlling, does obligate the creditor to give written notice to the debtor prior to disposing of collateral. Failure to give such notice results in the disallowance of any deficiency claim. See, e.g., In re Kirkland, 915 F.2d 1236, 1242 (9th Cir.1990); Atlas Thrift Co. v. Horan, 27 Cal.App.3d 999, 1009, 104 Cal.Rptr. 315, 321 (Cal.Ct.App.1972).
 
 
 6
 The District's principal theory on appeal is that a certificate of deposit is an instrument representing an intangible that is in many ways similar to an account receivable. Therefore, the District argues, its disposition should not involve the same formalities as a disposition of tangible objects, where the purposes of the notice and sale requirements of Sec. 9504 are more obviously needed.
 
 
 7
 Accounts receivable, however, materially differ from CDs in that accounts receivable can be collected during the ordinary course of business. They are not sold, exchanged, or otherwise disposed of in the manner CDs or other assets, tangible or intangible, are sold, exchanged or disposed of. We find no authority to support appellant's theory. Cf. Smith v. Mark Twain National Bank, 805 F.2d 278, 287-89 (8th Cir.1986) (applying Sec. 9504 to CDs). See also Appeal of Copeland, 531 F.2d 1195, 1207 (3d Cir.1976) (applying Sec. 9504 to stock).
 
 
 8
 Appellant calls to our attention a recent article discussing the UCC counterpart section to Sec. 9502 which argues that it should not be construed to require a secured party to give notice to its debtor before collecting accounts receivable directly from account debtors. See Cornelius J. Chapman, Jr., Collection from Account Debtors: The Case for Notice to the Debtor Revisited, 17 UCCLJ 3 (1984). The article does not deal directly with CDs, only with accounts receivable. While analogizing accounts receivable to other kinds of intangibles, id. at 11, the article does not advocate interpreting Sec. 9502 to include CDs and other intangibles.
 
 
 9
 Section 9504(1) and (2)(b) clearly establish that a secured party may sell, lease "or otherwise dispose of any or all of the collateral" but that the debtor is liable for any deficiency only if the debtor was given notice. Because the debtor in this case received no notice, there is no deficiency liability.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Honorable Wilfred Feinberg, Senior United States Circuit Judge for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3